VENABLE LLP
Steven E. Swaney (SBN 221437)
seswaney@venable.com
Jean-Paul P. Cart (SBN 267516)
jpcart@venable.com
Antonia I. Stabile (SBN 329559)
aistabile@venable.com
VENABLE LLP
101 California Street, Suite 3800
San Francisco, CA 94111
Telephone:    415.653.3750
Facsimile:    415.653.3755

Attorneys for Defendant OKCOIN USA INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NGUYEN and NADER GEORGE, individually and on behalf of other similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>OKCOIN USA INC., and DOES 1-10<br><br>Defendant. | Case No.<br><br>[Removed from Superior Court of California, County of San Francisco, Case No. CGC-22-601712]<br><br>**DEFENDANT OKCOIN USA INC.'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>**CLASS ACTION**<br><br>Action Filed:   September 9, 2022<br>Removal:        October 12, 2022 |

# NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

TO THE CLERK OF THE ABOVE-TITLED COURT:

PLEASE TAKE NOTICE that Defendant OKCoin USA Inc. ("Okcoin"), by and through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of the State of California for the County of San Francisco, in which it is now pending, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1441, 1446, and 1453, on the grounds that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Pursuant to 28 U.S.C. § 1446(a), set forth below is a statement of the grounds for removal, and attached hereto as Exhibits 1 and 2 are copies of all processes, pleadings, and orders served to date in this case.

## I. PROCEDURAL HISTORY

1. On September 9, 2022, Plaintiffs Michael Nguyen and Nader George ("Plaintiffs"), individually and on behalf of other similarly situated individuals, filed this action, captioned *Michael Nguyen and Nader George v. OKCoin USA Inc.*, Case No. CGC-22-601712, in the Superior Court of the State of California for the County of San Francisco (the "Action"). True and correct copies of Plaintiffs' Summons and Class Action Complaint for Damages and Demand for Jury Trial (the "Complaint") and Civil Case Cover Sheet are attached hereto as Exhibit 1.

2. Service of the Summons and Complaint was completed on September 14, 2022. *See* Proof of Service of Summons and Complaint, attached hereto as Exhibit 2; Cal. Code Civ. Proc. § 416.10.

3. The Complaint is based on an allegation that Okcoin, a web-based cryptocurrency exchange, described a cryptocurrency token called TerraUSD ("UST") as a "stablecoin." Plaintiffs allege this amounted to representation "that UST was essentially a digital U.S. dollar which eliminated the volatility risk inherent to more speculative cryptocurrencies." *See* Compl. Ex. 1, at ¶ 6. Based on that supposed representation, Plaintiffs allege that "users purchased UST anticipating it would remain priced at $1.00." *See id.* ¶ 9. However, "UST was not backed by any hard collateral whatsoever," and UST "completely unraveled" in May 2022, "losing over 90

percent of its value in a matter of days." *See id.* ¶¶ 7-8. The Complaint further alleges that Okcoin "willfully" delayed in processing investors' requests to withdraw their money out of the "Earn" Program—which allows users to deposit "their cryptocurrencies into the equivalent of interest-bearing accounts that promise annual percentage rates sometimes hundreds of times higher than rates offered by U.S. retail banks" in exchange for Okcoin's 3% fee on all yields— during UST's collapse.  *See id.* ¶¶ 5, 9, 66.

4. Based on these allegations, Plaintiffs assert claims for negligence, negligent misrepresentation, and alleged violations of California's Consumer Legal Remedies Act (Cal. Civ. Code §§ 1750, *et seq.*) and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, 17500, *et seq.*). *See* Compl. ¶¶ 91-164.

5. Plaintiffs bring these claims on behalf of class consisting of "[a]ll persons in the United States who owned tokens of the UST stablecoin on May 9, 2022 that were purchased or acquired through OKCoin." *See* Compl. ¶ 81. Plaintiff Nguyen also seeks to represent a Subclass of "[a]ll Class members who, on or after May 9, 2022, placed a redemption instruction for their UST through the Earn Program by T-Time, and the redemption was not completed at the next occurring T-Time. T-Time means the time each day that OKCoin is scheduled to redeem user's digital assets and place them in the user's OKCoin trading account." *See id.* ¶ 82.

6. The Complaint seeks: (1) an order enjoining Okcoin "from conducting their business through the unlawful, unfair, and fraudulent acts or practices set forth herein;" (2) actual and compensatory damages; (3) disgorgement of "all or part of the ill-gotten profits [Okcoin] received from the exchange of UST; (4) "full restitution to Plaintiff and the members of the Class;" (5) disgorgement of "all or part of the ill-gotten profits [Okcoin] received through the investment of UST in the Earn Program;" (6) "full restitution to Plaintiff and the members of the Subclass;" (7) "damages, as provided by the applicable state consumer protection statutes invoked above;" (8) punitive damages; (9) pre-judgment and post-judgment interest; and (10) an award of attorneys' fees, costs, and expenses. *See* Compl. § VII. Prayer for Relief.

7. Okcoin has not filed an Answer or other responsive pleading to the Complaint, and the parties have not issued or commenced discovery in this Action.

## II. GROUNDS FOR REMOVAL

8. Plaintiffs' claims are removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction. *See* 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (*i.e.*, minimal diversity exists); (2) the putative class consists of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all class member claims and exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B).[1] Each of these requirements is readily met here.

### A. Minimal Diversity

9. First, minimal diversity under CAFA exists because at least one class member and one defendant are citizens of different states. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 578 n.6 (2004) ("We understand 'minimal diversity' to mean the existence of at least one party who is diverse in citizenship from one party on the other side of the case, even though the extraconstitutional 'complete diversity' required by our cases is lacking.").

10. Okcoin is a citizen of Delaware and California because it is incorporated in Delaware and has its principal place of business and headquarters in San Francisco, California. *See* Compl. Ex. 1, at ¶ 76; 28 U.S.C. § 1332(c)(1) (deeming the citizenship of a corporation to be where "it has been incorporated and … where it has its principal place of business"); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (the "principal place of business" is the "nerve center … where the corporation maintains its headquarters"); Declaration of Kevin Chan ("Chan Decl."), attached hereto as Exhibit 3, at ¶ 3.

11. Plaintiffs are citizens of California. *See* Compl. Ex. 1 at ¶¶ 71, 74 (Plaintiff Nguyen resides in San Diego, California; Plaintiff George resides in Carson, California).

12. The Class that Plaintiffs seek to represent is nationwide, consisting of "[a]ll persons in the United States who owned tokens of the UST stablecoin on May 9, 2022 that were purchased or acquired through OKCoin." Compl. ¶ 81.

---

[1] A "class action" includes any civil action filed under Federal Rules of Civil Procedure or "similar State statute or rule of judicial procedure." 28 U.S.C. § 1332(d)(1)(B).

13. Based on this Class definition, at least one Class member is a citizen of a State other than California or Delaware. Specifically, Okcoin's records indicate that as of May 9, 2022, more than 2,000 Okcoin users who purchased or acquired UST through Okcoin were domiciled in States other than California. *See* Chan Decl. ¶ 7. This includes 420 users domiciled in Florida, 132 domiciled in New Jersey, and over a thousand other putative class members spread throughout dozens of other States. *See id.*

14. Therefore, at least one member of the proposed class is a citizen of a State different from Okcoin. *See* 28 U.S.C. §§ 1332(d)(2)(A). CAFA's requirement of minimal diversity is met.

### B.  Number of Class Members

15. Second, CAFA's requirement that the class include at least 100 members is also satisfied.

16. Plaintiffs bring this case on behalf of "[a]ll persons in the United States who owned tokens of the UST stablecoin on May 9, 2022 that were purchased or acquired through OKCoin." *See* Compl. Ex 1, at ¶ 81. According to Okcoin's records, on May 9, 2022, there were 2,658 Okcoin users throughout the United States who held tokens of UST that were purchased or acquired through Okcoin. *See* Chan Decl. ¶ 7.

17. Therefore, CAFA's requirement that the putative class consists of more than 100 members is satisfied. *See* 28 U.S.C. § 1332(d)(5)(B).

### C.  Amount in Controversy

18. Third, CAFA's $5 million aggregated amount-in-controversy requirement is met.

19. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). In that sense, the amount in controversy reflects the maximum recovery the plaintiff could reasonably obtain. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018)

1  (amount in controversy includes all amounts "at stake" in the litigation at the time of removal,
2  "whatever the likelihood that [plaintiff] will actually recover them"). The amount in controversy
3  includes attorneys' fees, if authorized by statute or contract. *Galt G/S v. JSS Scandinavia*, 142
4  F.3d 1150, 1155-56 (9th Cir. 1998).

5      20.    Plaintiffs repeatedly assert that they and Class members "were induced [by
6  Okcoin] to purchase UST" and "to invest UST in the Earn Program" (Compl. ¶ 115), and that
7  they "would not have purchased UST" and "would not have invested UST in the Earn Program"
8  if Okcoin had "disclosed the true nature and characteristics" of UST (*id*. ¶¶ 161, 162). Based on
9  those assertions, Plaintiffs seek to recover (among other things) "actual and compensatory
10  damages" and "full restitution to Plaintiffs and the members of the Class." *Id*. § VII. Prayer for
11  Relief.

12      21.    Accordingly, Plaintiffs have put at issue the full market value, as of May 9, 2022,
13  of all UST that was purchased or acquired by users within the United States using Okcoin's
14  trading platform. *See id.* ¶ 81 (defining the Class as "[a]ll persons in the United States who
15  owned tokens of the UST stablecoin on May 9, 2022 that were purchased or acquired through
16  OKCoin").

17      22.    On May 9, 2022, Okcoin users within the United States collectively held
18  approximately 20,800,000 units of UST that were purchased or acquired through Okcoin, with a
19  market value of approximately $20.5 million on that date. *See* Chan Decl. ¶ 6. Accordingly, the
20  amount in controversy is at least $20.5 million,[2] and thus exceeds the $5 million CAFA
21  jurisdictional threshold. *See* 28 U.S.C. §§ 1332(d)(2).

22      23.    Although the Court may not ultimately award damages amounting to the total
23  value in UST owned by class members on May 9, 2022, that does not change the jurisdictional
24  analysis. "The ultimate inquiry is what is put 'in controversy' by the plaintiff's complaint, not

---

[2] Plaintiffs also seek punitive damages and attorneys' fees (*see* Compl. § VII. Prayer for Relief), both of which are included in calculating the amount in controversy for purposes of removal. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract.").

what a defendant will *actually* owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). Plaintiffs' Complaint places the total value as of May 9, 2022, of the UST purchased or acquired through Okcoin at issue by alleging that they would not have purchased UST but for Okcoin's alleged misrepresentations. *See, e.g.*, Compl. ¶ 161. This is sufficient to establish that the $5 million threshold amount is met here.

### D.   No CAFA Exception Exists

24. Plaintiffs bear the burden of showing that an exception to CAFA jurisdiction applies. *See, e.g.*, *Serrano v. 1800 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007). No such exception applies here.

## III.   THIS NOTICE IS TIMELY FILED

25. The federal removal statute identifies two thirty-day periods for removing an action if removability can be ascertained from the pleadings or other papers: (1) the first is triggered if the "case stated by the initial pleading is removable on its face;" and (2) the second is triggered if the "initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) (citations omitted).

26. Neither of the thirty-day periods has been triggered in this action, so there is no deadline for removal.

27. First, the Ninth Circuit has held that "the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Kuxhausen*, 707 F.3d at 1139 (citation omitted). If a pleading is "'indeterminate' in the sense that the face of the complaint does not make clear whether the required jurisdictional elements [for removal] are present," including under CAFA, the first thirty-day removal period under § 1446(b) is never triggered. *See id.* (citation omitted).

28. Here, the Complaint does not state a specific amount of damages Plaintiffs seek on behalf of themselves and the class. Accordingly, it is an "indeterminate" pleading that does not trigger the first thirty-day period for removal. *See Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d

786, 790, n.5 (9th Cir. 2018) ("The district court erred in concluding that Wal-Mart waived its right to remove this case when the [complaint] did not reveal a basis for removal pursuant to CAFA. It is undisputed that the [complaint] is indeterminate as to the amount in controversy," as plaintiff "did not specify an amount in controversy in the [complaint]."); *see also Sheppard v. Staffmark Investment, LLC*, 2020 WL 5593232, at *3 (N.D. Cal. Sept. 18, 2020) (complaint did not trigger the thirty-day deadline to remove because "Plaintiff did not facially allege a specific amount in controversy . . . and under the law, Defendant UPS had no further duty to estimate or investigate whether the case was removable upon service of the FAC.").

29. Second, Okcoin has not received any other pleading or paper from which the amount in controversy can be ascertained. The Complaint and Summons are the only pleadings or papers Okcoin has received in this action, and as explained those documents do not state an amount in controversy. Accordingly, the second thirty-day period for removal has not been triggered.

30. Where, as here, a complaint is not removable on its face and the defendant removes under CAFA based on its *own* information, the case may be removed at any time. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013) ("[Sections] 1441 and 1446, read together, permit a defendant to remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines.").

31. As explained in the Chan Declaration, Okcoin has based this Notice of Removal on its own information and investigation regarding facts not pled in the Complaint. Therefore, the case may be removed at any time and this notice is timely filed. *See Roth*, 720 F.3d at 1125.

32. Regardless, even if one of the thirty-day periods for removal had been triggered, Okcoin filed this Notice of Removal within thirty days of being served with the Complaint. *See* Exhibit 2 (Proof of Service of Summons and Complaint dated September 14, 2022); Cal. Code Civ. Proc. § 416.10 (service on corporation achieved through delivery of summons and complaint on designated agent for service of process); *Robertson v. GMAC Mortg., LLC*, 640 Fed. App'x 609, 611 n.3 ("the thirty-day period under § 1446(b) begins to run when the

defendant is properly served with process") (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999)). Accordingly, by any measure, Okcoin's Notice of Removal is timely.

### IV. ALL OTHER STATUTORY REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

33. This Notice of Removal is properly filed in the United States District Court for the Northern District of California, because the Superior Court of the State of California for the County of San Francisco is located in this judicial district. *See* 28 U.S.C. § 1441(a).

34. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

35. Consent to federal jurisdiction is not necessary given that the basis for federal jurisdiction is CAFA. *See* 28 U.S.C. § 1453(b) ("A class action may be removed to a district court for the United States in accordance with section 1446 … except that such action may be removed by any defendant without the consent of all defendants.").

36. No previous application has been made for the relief requested herein.

37. Pursuant to 28 U.S.C. § 1446(a), a copy of all processes, pleadings and orders served upon Okcoin in this action, which include the Complaint and Summons, are attached. *See* Exs. 1, 2.

38. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly served on the Plaintiff and promptly filed with the clerk of the Superior Court of the State of California for the County of San Francisco.

39. No admission of fact, law, or liability is intended by this Notice of Removal, and Okcoin expressly reserves all defenses, counterclaims, and motions otherwise available to it.

### V. CONCLUSION

For the foregoing reasons, Okcoin respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Superior Court of the State of

California for the County of San Francisco. Okcoin further requests such other and further relief as the Court deems appropriate.

Dated: October 12, 2022                               VENABLE LLP

                                                     /s/ Steven E. Swaney
                                              By:    STEVEN E. SWANEY

                                                     Attorneys for Defendant OKCOIN USA INC.